## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KERRY ELLIOTT**, | Case No. 3:11-cv-0909-SI |
| Plaintiff(s), | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN,** Acting Commissioner of Social Security, | |
| Defendant. | |

James S. Coon, SWANSON, THOMAS, COON & NEWTON, The Thomas Mann Building, 820 S.W. Second Avenue, Suite 200, Portland, OR 97204. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Nancy A. Mishalanie, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

On September 4, 2012, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter for further proceedings. On October 1, 2012, the Court granted Plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $2,177.39.

PAGE 1 – OPINION AND ORDER

Plaintiff's counsel now moves for attorney's fees of $7,391 pursuant to 42 U.S.C.

§ 406(b). Dkt. 24. This figure represents 13.8 percent of Plaintiff's retroactive benefits.

Plaintiff's counsel requests an additional payment from Plaintiff of $5,213.61, which represents

the requested $7,391 less the EAJA fee of $2,177.39 already received. Although defendant does

not object to the proposed award, this court must perform an independent review to ensure that

the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following

reasons, plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security

disability insurance claimant who was represented by an attorney "may determine and allow as

part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the

total of the past-due benefits to which the claimant is entitled by reason of such judgment."

*Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the

burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The

attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party

is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy

of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then

testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793,

808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory

maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2,

2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may

be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the

reasonableness of the requested attorney's fees, but courts may consider the character of the

representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

### DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and her counsel. Dkt. 25-2. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $53,565.12 in back benefits, so the requested fee award of approximately 13.8 percent is within the statutory maximum.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case, and finds that no additional downward adjustment is warranted. Plaintiff's counsel has already reduced the statutory maximum and contractual rate of 25 percent of back benefits to 13.8 percent, and the Court finds that this reduction adequately captures the factors the Court considers to warrant a reduction from the 25 percent contractual fee.[1]

---

[1] The Court considers a downward adjustment from a 25 percent fee award warranted based on the fact that the issues were not particularly complex or unusual, the government conceded error and the only disputed issue before this Court was whether to remand for further proceedings or remand for an award of benefits (and the Court remanded for further proceedings), and approximately 88 percent of the work performed by Plaintiff's counsel on this case was performed by a paralegal. *See Quinnin v. Colvin*, 2013 WL 3333026 (D. Or. July 1,

PAGE 3 – OPINION AND ORDER

**CONCLUSION**

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. 24) is GRANTED. Plaintiff's counsel is entitled to $7,391 in § 406(b) fees, representing approximately 13.8 percent of Plaintiff's retroactive benefits recovery. When issuing the section 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the $2,177.39 previously awarded under EAJA and send Plaintiff's attorney the balance of $5,213.61, less any applicable administrative assessment as allowed by statute. Any remaining sums withheld by the Commissioner from Plaintiff's benefits shall be paid to Plaintiff.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

2013) (analyzing these same factors and reducing the requested fee award from 22 percent to approximately 15 percent).